Opinion of the court delivered by
Judge Catron,
in 1819 Dooley sold Jopling a tract of land of 500 acres, at *290 eight dollars per acre. The southern boundary of the tract was shown by Dooley to Jopling when the contract Was made, at a point leaving 2164 acres, south of it.— North of the line shown the land is of prime quality, or, nearly so: south, it is poor and broken. North of the line, (falsely and fraudulently represented by Dooley as the true one) there are 2884 acres, worth eight dollars per acre — south, the land is worth two dollars per acre. Jopling^ was grossly imposed upon. He took a deed for 505 acres, paid <$1800 down, and gave his note for ‡2200.
F. B. Fogg, for complainant, Jopling.
G. 8, Yerger, for the defendant.
He asks to have the contract set aside as to the 2164 acres, and to retain the 2884 acres, at eight dollars, and so, the circuit court decreed.
We think there is no precedent, and if any, none binding on this court, to authorize or induce it to divide the timbered and brokenlands from those which are fertile, and fit for cultivation. The true doctrine is laid down in the cases cited in Sugden on Vendors, 221, sec. 2, and in Dyer vs. Hargrove, 10 Vesey 505. The vendee can have the contract set aside, or compensation for the defect fraudulently concealed from him. The case of grant vs. Munt, Cooper’s chy. cases 173, is to the same effect. Complainant must pay eight dollars per acre, for the 2884 acres, and two dollars per acre for the 2164 acres, and have an abatement for the balance of the $4000.— The defendant to pay all the costs of the court below, and of this court.